IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN BENSON,<br><br>    Petitioner,<br><br>v.<br><br>C. CARTER,<br><br>    Respondent. | Civil Action No.: PX-23-2326 |

**MEMORANDUM OPINION**

Petitioner Brian Benson, an inmate at the Federal Correctional Institution in Cumberland ("FCI-Cumberland") filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Benson challenges the Bureau of Prison's ("BOP") application of the First Step Act's ("FSA") provisions to his sentence. ECF Nos. 1, 1-1. With his Petition, Benson also filed a request for a writ of mandamus directing the BOP to reduce his current Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") recidivism risk level below the current level of medium; to recalculate and apply his credits under the lower risk level; and to advance his transfer to prerelease custody. ECF No. 1-1. Respondent, the Warden of FCI-Cumberland, moves to dismiss the Petition, or alternatively for summary judgment. ECF No. 4. The Court has reviewed the pleadings and finds no need for a hearing. *See* D. Md. Local R. 105.6. For the reasons stated, the Court grants Respondent's Motion, construed as one to dismiss, and dismisses the Petition without prejudice.

**I.    Background**

On November 17, 2020, the United States District Court for the Northern District of Ohio sentenced Benson to 72 months' imprisonment and six years' supervised release for controlled substance offenses. ECF No. 4-1 at 7. Benson's current statutory release date is July 15, 2025,

and his conditional release date is July 14, 2024, "so long as he completes the required programming." *Id*.  However, Benson will not receive any programming reductions because of his current risk needs profile score, known as his PATTERN score.  He challenges the BOP's current assessment as violating both the First Step Act ("FSA") P.L. 115-391, 132 Stat 5194 (Dec. 21, 2018) and the Second Chance Act ("SCA") Pub. L. 110-199, 122 Stat. 657 (2008).

Placing Benson's argument in context requires a brief review of the applicable statutes and implementing regulations.  The FSA allows inmates to earn early release credits for participation in certain programming.  *See Torok v. Beard*, No. CV-PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022); *Llufrio v. Johns*, Civil Action No. 5:19-cv-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h).  The BOP implements the PATTERN to identify each inmate's needs and risk profile related to possible recidivism.  An inmate may be eligible to participate in need-specific programming to earn credit toward early placement in pre-release custody.  *See The First Step Act of 2018: Risk and Needs Assessment System—UPDATE*, Jan. 2020, available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited Jan. 10, 2024).  But, he cannot have such credit applied until he serves a certain portion of his sentence and attains either a low or minimum risk level on the PATTERN.  *See* Bureau of Prisons, *Program Statement 5410.01 CN-2, First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, Mar. 10, 2023, available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Jan. 11, 2024) (hereafter "*Program Statement 5410.01 CN-2*").

Benson currently scores as a medium PATTERN risk.  Accordingly, the Petition contends that this Court should issue a writ of mandamus directing the BOP to recalculate his PATTERN risk level so that he is eligible now to receive his programming credits.  ECF No. 1-1 at 3-4.

Otherwise, Benson says, the PATTERN procedure runs contrary to the letter and spirit of the FSA and SCA. ECF No. 1-1 at 8. Benson argues that because the PATTERN system does not allow an inmate to reduce his or her score "enough to reduce the risk level by more than one level," the Court should essentially recalculate the score to give the FSA its full force and effect. ECF No. 1-1 at 2. Relatedly, Benson argues that BOP's implementation of the FSA and PATTERN scores is flawed as a matter of statutory interpretation because nothing in the FSA directs that inmates assigned medium or high PATTERN recidivism risk levels must be treated differently than inmates assigned low or minimum risk levels in the application of earned time credit. *Id*. at 3–4.

Respondent now moves to dismiss the Petition on several grounds. For the following reasons, the motion is granted.

## II. Analysis

First, Respondent rightfully points out that to the extent Benson seeks mandamus relief, it is not available. ECF No. 4 at 18–19. A writ of mandamus constitutes an extraordinary remedy, to be used only where no other avenue for relief is available. *See In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). But, as Benson acknowledges, he asks for the same relief pursuant to 28 U.S.C. § 2241. ECF No. 1; *see* 1-1 at 1 ("Mandamus in Support of 28 U.S.C. § 2241"); 1-1 at 2 ("[M]andamus is available only when there are no other means of obtaining the relief sought. [ ] As mentioned above, prisoners can use § 2241 to challenge incorrect calculations of good conduct time credits."). Benson may also seek relief by requesting from the Warden an exception from the policy preventing medium or high PATTERN risk level inmates from receiving FSA credits.[1] Thus, the Petition is properly construed not as one seeking mandamus, but as relief pursued under 28 U.S.C. § 2241.

---

[1] See Program Statement 5410.01 CN-2, available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf. (last visited Jan. 29, 2024).

Respondent next argues that the Petition must be dismissed for failure to exhaust administrative remedies. ECF No. 4 at 15. Respondent is correct that prior to Benson pursuing his claims in this Court, he must first complete all stages of the remedial process that BOP provides for the same question. *See McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (Petitioner must exhaust administrative remedies prior to filing § 2241 petition seeking restoration of good conduct credits); *Asare v. United States Parole Commission*, 2 F.3d 540, 544 (4th Cir. 1993) (challenging BOP projected release date requires exhaustion); *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) ("Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus."). Respondent further highlights that the BOP administrative remedy process requires Benson to raise his calculation question first with a member of the unit team, next with the Warden by formal complaint, and finally to the regional and national administrators on appeal. ECF No. 4 at 17; 28 C.F.R. § 542.10, *et seq.*[2]

Benson, for his part, does not suggest that he has fully exhausted his claim. ECF No. 1 at 10. Instead, he asks this Court to excuse exhaustion because the process is "protracted" and if he is successful in his claim, he may be deprived of the proper early release date while his claim winds through the BOP system. ECF Nos. 1-1 at 7; 6 at 2. Benson further attests that when he attempted

---

[2] The Administrative Remedy Procedure ("ARP") provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within 20 calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate still is not satisfied, he may appeal the Regional Director's response to the Office of General Counsel using the appropriate forms. The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. *See* 28 C.F.R. § 542.15(a).

in November 2023 to raise the calculation of his credits in his Unit meeting, he was rebuffed. ECF No. 7 at 1.

Respondent, however, highlights that Benson's review actually took place on October 27, 2023, and Benson failed to appear. ECF No. 8 at 2; ECF No. 8-1 at 3. Thus, the review was conducted in absentia. ECF No. 8. Further, Respondent maintains that Benson did attend the next program review on January 11, 2024, but since then, no evidence suggests that Benson pursued his remedies further. Accordingly, Benson appears not to have exhausted remedies regarding the BOP's specific calculation of his PATTERN score or the related release date. Thus, to the extent the Petition challenges Benson's individual PATTERN score, the claim must be dismissed for lack of exhaustion.

That said, the crux of Benson's argument seems to be a broader challenge to the PATTERN process as running contrary to the express purpose of the FSA and SCA. ECF Nos. 1-1 at 3–4; 6 at 2–3. In this respect, the claim centers on the question of statutory interpretation for which exhaustion may be excused because the potential decision-maker has predetermined the issue. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992); *Jarpa v. Mumford*, 211 F. Supp. 3d 706, 711 (D. Md. 2016).

Although Respondent does not squarely address this aspect of Benson's claim,[3] the claim clearly fails as a matter of law. The BOP is permitted "[t]o implement [a] statutory scheme," for which Congress has bestowed such authority, by way of BOP program statements. *Cunningham v. Scibana*, 259 F.3d 303, 305 (4th Cir. 2001). A program statement "is an internal agency

---

[3] Rather, the Government argues that Benson's claim is "moot" because the BOP has given Benson a "halfway house date of March 7, 202[4], so long as he completes phase 1 and phase 2 of the RDAP program, which he voluntarily agreed to do." ECF No. 4 at 22. But Benson is not yet at a halfway house. *See* https://www.bop.gov/inmateloc/ (last visited Jan. 29, 2024), and so the claim is in no way mooted. *Cf. Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (same).

guideline that has not been subjected to the rigors of notice and comment rulemaking;" nevertheless a program statement provides legal interpretations "entitled to respect . . . to the extent [ ] those interpretations have the 'power to persuade.'" *Id.* at 306 (quoting *Christensen v. Harris County,* 529 U.S. 576 (2000)).

Benson obliquely argues that the BOP Program Statements run contrary to the FSA and SCA because they do not give inmates sufficient opportunity for early release. Benson, however, fails to articulate at all why this is the case. The Petition offers mere conclusory allegations which alone are insufficient. ECF No. 6 at 2, 4. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Accordingly, the claim must be dismissed.

### III. Conclusion

For the foregoing reasons, the Petition is dismissed. To the extent the Petition seeks a writ of mandamus, it is dismissed with prejudice. All other claims are dismissed without prejudice.

A separate Order follows.

| 2/5/24 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |